UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MANUEL LOPEZ,

                                   Plaintiff,

-against-

DT. RICHARD ALERTE, (Tax ID # 929599); DT. JASON COHEN, (Shield # 1750); SGT. CARLO GIOVINGO, (Tax ID # 922422); DT. CHRISTOPHER GOODWIN, (Tax ID # 928405); DEP. INSP. FERNANDO GUIMARAES, (Tax ID # 915848); DT. JONATHAN JORDAN, (Tax ID # 935083); DT. THOMAS LODICO, (Tax ID # 938868); DT. JAMES MCCULLOUGH, (Tax ID # 940443); DT. JULIO MICHELI, (Tax ID # 937106); SGT. VINCENT TIERNAN, (Tax ID # 935846); DT. RUPERTO VALENTIN, (Tax ID # 927620); and DT. EDWARD VELARDI, (Tax ID # 905232), in their individual and official capacities,

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED
-
15-cv-6115 (MKB) (VMS)

                                   Defendants.

-------------------------------------------------------------------------X

     Plaintiff, MANUEL LOPEZ, by his attorney, Steven E. Lynch, alleges for his complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights guaranteed by the Constitutions of the Unites States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. The plaintiff is a Hispanic male and was at all relevant times a citizen of the City and State of New York.

7. The City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, DT. RICHARD ALERTE, DT. JASON COHEN, SGT. CARLO GIOVINGO, DT. CHRISTOPHER GOODWIN, DEP. INSP. FERNANDO GUIMARAES, DT. JONATHAN JORDAN, DT. THOMAS LODICO, DT. JAMES MCCULLOUGH, DT. JULIO MICHELI, SGT. VINCENT TIERNAN, DT. RUPERTO VALENTIN, and DT. EDWARD VELARDI, in their individual and official capacities, were duly sworn police officers of said department and were acting under

the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On May 24, 2013, at approximately 6:05 a.m., defendants DT. RICHARD ALERTE, DT. JASON COHEN, SGT. CARLO GIOVINGO, DT. CHRISTOPHER GOODWIN, DEP. INSP. FERNANDO GUIMARAES, DT. JONATHAN JORDAN, DT. THOMAS LODICO, DT. JAMES MCCULLOUGH, DT. JULIO MICHELI, SGT. VINCENT TIERNAN, DT. RUPERTO VALENTIN, and DT. EDWARD VELARDI executed a search warrant on 197-201 Roebling Avenue, Apartment 6F, Brooklyn, New York.

14. After knocking down the front door, defendants entered the apartment with weapons drawn while carrying shields and wearing helmets.

15. Defendants ordered plaintiff to the ground and placed a shotgun to plaintiff's back.

16. A police officer told plaintiff to "do yourself a favor and tell us where the drugs and money are."

17. Plaintiff responded that he didn't have any drugs.

18. A police officer told plaintiff that "we have a dog downstairs. So do yourself a favor and tell us where the drugs are."

19. Plaintiff responded "so bring the dog."

20. A police officer told plaintiff that "the dog smells drugs all over the house."

21. Plaintiff asked the police officer "so where is the drugs?"

22. At the time of his arrest, plaintiff did not unlawfully possess any controlled substances. No police officer recovered any contraband from the apartment. Nor did any probable cause exist to arrest plaintiff.

23. Defendants crushed plaintiff's prescription medicine, placed it in a glassine envelope, and falsely claimed that plaintiff possessed a glassine envelope containing a white powder and labeled alprazolam.

24. Plaintiff was arrested and transported to the 90th Precinct, 211 Union Ave, Brooklyn, NY 11211.

25. On or about May 24, 2013, plaintiff was charged with two counts of Penal Law section 220.03 criminal possession of a controlled substance in the seventh degree.

26. Plaintiff was released from custody approximately nineteen (19) hours after arrest.

27. After his release from custody, plaintiff returned to 197-201 Roebling Avenue, Apartment 6F and discovered his prescription medicine removed from its prescription bottles and destroyed.

28. Plaintiff's criminal case was dismissed and sealed.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for False Arrest*
(Against the Individual Officer Defendants)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set herein.

30.     As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper, and false arrest by the defendants.  Plaintiff was taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  In the above-mentioned actions, defendants acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

31.     Plaintiff was conscious of his confinement.

32.     As a result of the foregoing, plaintiff's liberty was restricted in filthy and degrading conditions for an extended period of time, plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

33.     By virtue of the foregoing, the defendants deprived the plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable seizures of his person and are liable to plaintiff under 42 U.S.C. §1983

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violations for Failure to Intervene*
(Against the Individual Officer Defendants)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set herein.

35.     The defendants who were present but did not actively participate in the unlawful actions alleged herein and who observed and had an opportunity to prevent such conduct and failed to intervene.

5

36. By virtue of the foregoing, the defendants who failed to intervene deprived the plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable seizures of his person and are liable to plaintiff under 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
*42 U.S.C. § 1983- Fifth and Fourteenth Amendment Violations for Fabrication of Evidence*
(Against the Individual Officer Defendants)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set herein.

38. The Individual Officer Defendants created false evidence against plaintiff and drafted or signed sworn criminal complaints and false police reports.

39. The Individual Officer Defendants forwarded to prosecutors fabricated and false evidence that was likely to influence a jury's decision.

40. The Individual Officer Defendants knowingly and intentionally provided false evidence against plaintiff in legal proceedings.

41. By virtue of the foregoing, the Individual Officer Defendants deprived plaintiff of his Fifth and Fourteenth Amendment rights under the United States Constitution to due process and to a fair trial and are liable to plaintiff under 42 U.S.C. §1983.

### FOURTH CAUSE OF ACTION
*42 U.S.C. § 1983- Fourth and Fourteenth Amendment Violations for Malicious Prosecution*

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set herein.

43. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

44. Defendants caused plaintiff to be prosecuted without any probable cause until the charges were dismissed.

45. By virtue of the foregoing, the Individual Officer Defendants deprived plaintiff of his rights under the Fourth Amendment rights under the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

46. As a result of the foregoing, plaintiff Manuel Lopez is entitled to compensatory damages in an amount to be determined by a jury and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
       March 9, 2016                    By:   Steven E. Lynch
                                                                     /s/

                                                         Steven E. Lynch
                                                         Attorney for Plaintiff
                                                         The Law Offices of Steven E. Lynch
                                                         233 Fifth Avenue, Suite 4A
                                                         New York, New York 10016
                                                         (T) (718) 858-8737
                                                         (F) (718) 690-3593
                                                         steven@stevenelynch.com